UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN JAMES LISLE, | ) | |
| Petitioner, | ) | 2:03-cv-1005-JCM-LRL |
| vs. | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

I.   Introduction

This capital habeas corpus action is before the Court with regard to yet another discovery dispute. Petitioner has filed two motions to compel compliance with subpoenas, one taking issue with the response of the Clark County District Attorney (CCDA) to his subpoenas (docket #78), and the other taking issue with the response of the Las Vegas Metropolitan Police Department (LVMPD) to his subpoenas (docket #80). The CCDA and LVMPD have filed oppositions to those motions (docket #84 and #85), and petitioner has replied (docket #86 and #87). The Court will grant the motions in part and deny them in part.

II. Background[1]

The petitioner, Kevin James Lisle, was convicted and sentenced to death in 1996 for two different murders. Each conviction and sentence is the subject of a federal habeas corpus action; this action is one of those.[2]

The killing that is the subject of this action occurred on Interstate 95 near Las Vegas on October 22, 1994, when petitioner was 23 years old. Petitioner was in a van with two other individuals, both juveniles. While traveling down the freeway, the van pulled up next to a car, in which there were two young men. Evidently, there was some communication between one or more of the men in the van and one or more of the men in the car, and then someone in the van -- allegedly petitioner -- opened fire, and shot and killed the driver of the car, Kip Logan.

It appears beyond controversy that petitioner was in the van when Logan was shot; however, petitioner apparently maintains that he was driving the van, and was not the shooter. Petitioner appears to contend that the other two individuals in the van -- one 16 years old and one 14 years old at the time of the shooting -- testified falsely against him in return for reduction of the charges against them.

The killing that is the subject of petitioner's other habeas action occurred two months earlier, on August 22, 1994. The victim was Justin Lusch, who was 19 years old. Apparently, petitioner was one of several people who frequented Lusch's residence, a so-called "drug house." Allegedly, disputes of some sort arose, and petitioner came to believe that Lusch was a "snitch;" then, according to the prosecution, petitioner and another man named Jerry Lopez took Lusch out into the desert near Las Vegas, shot and killed him, and left his body there.

At the penalty phase of petitioner's trial for the Logan murder, evidence concerning the Lusch murder was admitted.

---

[1] This summary of background facts is set forth only to set the stage for this order. The Court does not intend in this section of this order to make any finding of fact.

[2] Petitioner's other federal habeas corpus action is Case Number 2:03-cv-1006-RLH-LRL in this federal district court.

Following his conviction for the Logan murder, petitioner unsuccessfully appealed to the Nevada Supreme Court.[3] Petitioner then unsuccessfully pursued a state-court habeas corpus petition.[4]

Petitioner initiated this federal habeas corpus action on August 20, 2003, and counsel was appointed for petitioner (*see* docket #6, #12, and #13).

Petitioner filed a Motion for Leave to Conduct Discovery (docket #21) on July 19, 2004. On October 25, 2004, petitioner filed an Amended Motion for Leave to Conduct Discovery (docket #41). Respondents did not oppose the amended discovery motion (*see* docket #46). On April 5, 2005, the Court entered an order (docket #47) granting the amended discovery motion, and granting petitioner leave to conduct certain discovery, including the discovery that is the subject of the motions under consideration in this order.

On May 4, 2005, the CCDA filed a motion to quash petitioner's subpoenas (docket #48). That motion was granted in part and denied in part (docket #67). The Court ordered the subpoenas served on the CCDA modified to call for only material created or acquired by the CCDA before November 25, 1996. *See* Order Entered February 13, 2006 (docket #67), p. 15, lines 5-8. The Court further ordered that, to the extent that copies of documents subject to the subpoenas were also disclosed to petitioner pursuant to a May 2005 stipulation and order between petitioner and the Nevada Department of Parole and Probation (docket #49), the copies of such documents to be produced by the CCDA shall be subject to the conditions set forth in that stipulation and order. *See id.*, p. 15, lines 9-13. Also, the Court ordered the following conditions imposed on petitioner's handling of materials disclosed by the CCDA:

---

[3] The Nevada Supreme Court's opinion on petitioner's direct appeal is published at 113 Nev. 540, 937 P.2d 473 (1997). A copy of that opinion is attached as Exhibit 1 to the habeas petition in this action (docket #1).

[4] A copy of the Nevada Supreme Court's opinion affirming the denial of petitioner's state habeas petition is attached as Exhibit 2 to the habeas corpus petition in this action (docket #1).

3

- Petitioner shall use the materials disclosed by the CCDA only for purposes of litigation regarding his convictions and sentences. Petitioner shall not publicly disclose any such materials other than as is reasonably necessary to such litigation.

- Before filing in Court any document disclosed by the CCDA, petitioner shall redact from such document the name and any other identifying information of any victim of a sex crime or sexual abuse or neglect of a child, or of any confidential informant, secret witness, or undercover law enforcement officer; with respect to any victim of a crime other than a sex crime or sexual abuse or neglect of a child, petitioner shall redact from any filed document any information regarding the date of birth, address, social security number, or any other such specific identifying information, beyond the name of the victim.

*See id*., p. 15, lines 14-24.[5] Finally, in the February 13, 2006 order, the Court ordered that by July 21, 2006, petitioner was to complete the discovery authorized by the Court, and by October 27, 2006, petitioner was to file and serve an amended habeas corpus petition. *See id*., p. 15, lines 10-13.

On July 21, 2006, petitioner filed a "Motion to Compel Compliance with Subpoena Duces Tecum Issued to the Clark County District Attorney's Office" (docket #78) (hereafter "Motion to Compel Compliance by CCDA"), and a "Motion to Compel Compliance with Subpoena Duces Tecum Issued to the "Las Vegas Metropolitan Police Department" (docket #80) (hereafter "Motion to Compel Compliance by LVMPD"). The CCDA and LVMPD filed oppositions (docket #84 (CCDA) and #85 (LVMPD)), and petitioner replied (docket #86 (reply to CCDA) and #87 (reply to LVMPD)).

III.   Motion to Compel Compliance by CCDA

A.   Materials Not Disclosed by the CCDA and Not on the CCDA's Privilege Log

In his Motion to Compel Compliance by CCDA, petitioner contends that the CCDA has withheld from production certain material not listed on a privilege log served by the CCDA. *See* Motion to Compel Compliance by CCDA, pp. 7-11; *see also* Exhibit 3 to Motion to Compel Compliance by CCDA (privilege log).

---

[5] The February 13, 2006 order also resolved a motion to quash subpoena filed by the Nevada Department of Corrections (docket #56). That discovery dispute has apparently been fully resolved, and, at any rate, is not germane to the issues considered in this order.

4

1   In this part of his motion, petitioner asserts that his subpoenas call for a variety of
2   information concerning nine different individuals, and petitioner asserts that the CCDA has not
3   provided materials concerning certain prosecutions, and decisions not to pursue prosecutions, of
4   those individuals. In support of his argument, petitioner provides a list of alleged charges that six of
5   those individuals allegedly faced in the mid-1990's. *See* Motion to Compel Compliance by CCDA,
6   pp. 8-10. In addition, petitioner provides some evidence that two of those individuals were subjected
7   to polygraph examinations, and states that the CCDA has not turned over any materials regarding
8   those polygraph examinations. *See id*. at 10-11.
9   In response, the CCDA states that it has either disclosed to petitioner or included on
10  its privilege log all material responsive to petitioner's subpoenas. The CCDA has filed with its
11  opposition to petitioner's motion an affidavit of its attorney to that effect. Exhibit B to Opposition to
12  Motion to Compel Compliance by CCDA (docket #84).
13  Petitioner makes no showing that the CCDA has withheld from production any
14  material called for by his subpoenas and not included on the CCDA's privilege log. Petitioner's
15  argument that the individuals listed in his subpoenas faced charges, and that therefore the CCDA
16  must have files concerning them, is not compelling. Petitioner has not shown that the fact that an
17  individual faced charges in Las Vegas 10 to 15 years ago necessarily means that the CCDA must
18  now possess documents concerning the matter.
19  The Court will deny this part of petitioner's Motion to Compel Compliance by
20  CCDA.
21      B.      Materials on the CCDA's Privilege Log
22  In his Motion to Compel Compliance by CCDA, petitioner also focuses on the
23  documents withheld from production by the CCDA and listed by the CCDA on its privilege log.
24  Motion to Compel Compliance by CCDA, pp. 4-7; *see also* Exhibit 3 to Motion to Compel
25  Compliance by CCDA (privilege log).
26

5

The CCDA's privilege log lists 154 items, and, with respect to each item, claims attorney work product protection.  *See* Exhibit 3 to Motion to Compel Compliance by CCDA. Petitioner argues that the attorney work product doctrine does not apply to these materials in this habeas corpus action.

The Court has previously ruled on the application of the work product doctrine in this case, with respect to materials in the possession of the CCDA.  In the order entered on February 13, 2006, the Court ruled as follows:

> The Court does not agree that Rule 26(b)(3) precludes the sort of discovery sought by petitioner from the CCDA in this case.
>
> The prosecution of petitioner was completed long ago.  The justifications for concealing work product, while still arguably applicable, certainly are less compelling after the subject litigation is terminated.
>
> The CCDA argues that disclosure of prosecutors' work product, even long after a defendant's conviction becomes final, would create a chilling effect that would hinder prosecutors' work.  However, the CCDA has not described exactly what sort of information in the prosecutors' notes and memoranda is so sensitive that its disclosure, ten years after petitioner's conviction, will cause a chilling effect on prosecutors.  *See Hayes v. Brown*, 399 F.2d 972, 978 (9th Cir. 2005) (en banc) ("The prosecuting attorney represents a sovereign whose obligation is to govern impartially and whose interest in a particular case is not necessarily to win, but to do justice.... It is the sworn duty of the prosecutor to assure that the defendant has a fair and impartial trial."); *see also* ABA Standards for Criminal Justice 3-1.1(b) (3d. 1993) ("The prosecutor is both an administrator of justice and an advocate. The prosecutor must exercise sound discretion in the performance of his or her functions."); *id*. at 3.1-1(c) ("The duty of the prosecutor is to seek justice, not merely to convict").  Moreover, the CCDA has not cited any legal authority describing such a chilling effect on prosecutors and holding that discovery should be precluded in order to avoid such chilling effect.
>
> Petitioner claims that the prosecution violated his constitutional rights, under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding material from disclosure during the course of his prosecution.  This places at issue the actions of the prosecuting attorneys themselves.  Under these circumstances, blanket application of the work product rule would be inappropriate.  *See Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).
>
> The Court finds that the work product rule does not preclude the discovery sought from the CCDA by petitioner.

Order entered February 13, 2006, p. 7, line 3 - p. 8, line 2. The Court has already resolved the general question of the applicability of the work product doctrine to the materials held by the CCDA.

The CCDA takes issue with petitioner's failure to specify which documents in the privilege log should be disclosed. *See* Opposition to Motion to Compel Compliance by CCDA, p. 5. It appears to the Court, however, that the descriptions of documents in the privilege log are not specific enough for petitioner to determine which might relate to his claims and which might not.

The CCDA also takes issue with petitioner's request for disclosure of Item #106 on the privilege log, which apparently contains handwritten attorney notes regarding prospective jurors. The CCDA claims that the entire document should not be disclosed, because much of it does not relate to petitioner's *Batson* claim. The Court has insufficient information to resolve the issue raised here by the CCDA. This question will be settled by means of the procedure ordered below.

The CCDA goes on to identify certain documents listed in the privilege log that relate to the individuals named in petitioner's subpoenas: Items #79, 80, 81, 85, 86, 88, 89, 91, 92, 93, 94, 101, 107, 117, 125, and 130 in the privilege log. The CCDA states that it "consents to the disclosure of a redacted version of the above referenced attorney notes to include all references to plea deals, inducements, and benefits." Opposition to Motion to Compel Compliance by CCDA, p. 10, lines 22-25. Here again, however, the Court is without sufficient information to make the determination what part of those documents should be disclosed. This question will be settled by means of the procedure ordered below.

The Court will order the CCDA to make all the material listed in the privilege log available for inspection by petitioner's counsel, within 20 days from the date of entry of this order. That material shall be provided in complete and unredacted form for that inspection. Following that inspection, counsel for petitioner and counsel for the CCDA shall confer in good faith, and attempt to reach agreement as to what documents on the privilege log shall be disclosed and what redactions shall be made. With respect to any documents upon which counsel for petitioner and counsel for respondents cannot reach agreement, petitioner's counsel shall be provided unredacted copies of

such documents.  Thereafter, and within 45 days after entry of this order, petitioner's counsel may file, under seal, a supplement to petitioner's Motion to Compel Compliance by CCDA, seeking disclosure of the disputed documents.  That supplement shall include, as exhibits, copies of the disputed documents, as well as a concise and clear explanation of how each such document relates to one or more of petitioner's claims in this case.  The CCDA may respond, under seal, setting forth its position with respect to the disclosure of each document submitted under seal by petitioner's counsel.  If the CCDA believes that documents should be redacted before disclosure, the CCDA should file copies of the documents redacted in the manner they suggest, and explain why such redactions are necessary.  Petitioner's counsel will thereafter be granted an opportunity to reply, under seal.  The Court will then determine which, if any, of the disputed documents on the CCDA's privilege log will be disclosed, what redactions will be made, and what conditions will be placed upon the disclosures.

Petitioner's counsel shall not disclose to anyone, or file (other than as described above) in this or any other litigation, any document or information acquired at the inspection of the documents on the privilege log, unless agreed upon by the CCDA or unless this Court orders otherwise.

The Court expects the petitioner and the CCDA to make a good faith effort to settle their differences regarding this discovery without further litigation.

IV.     Motion to Compel Compliance by LVMPD

In his Motion to Compel Compliance by LVMPD, petitioner asserts that the LVMPD has not disclosed all the material responsive to his subpoenas, and that the LVMPD has not produced a privilege log as required by Federal Rule of Civil Procedure 45(d)(2).

Specifically, petitioner claims that the LVMPD has withheld from production information concerning John Melcher, Adam Evans, and Anthony Varella, and, with his reply in support of his motion, petitioner has submitted (under seal) evidence tending to support that claim. *See* Motion to Compel Compliance by LVMPD, pp. 4-6; *see also* Exhibits 1 through 7 to Reply in

1  Support of Motion to Compel Compliance by LVMPD (filed under seal).  The LVMPD has not
2  responded to that evidence, and the Court need not, at this time, reach any conclusion regarding its
3  implications.
4          In its opposition to the motion, the LVMPD acknowledged that it had not completed
5  its response to petitioner's subpoenas, and stated that it would produce "any outstanding records it is
6  aware of and a privilege log within 30 days."  Opposition to Motion to Compel Compliance by
7  LVMPD, p. 5, lines 4-5.  That opposition was filed on August 3, 2006 -- about 3 months ago.
8  Neither the LVMPD nor petitioner has provided the Court with any information regarding the
9  LVMPD's progress in completing its response to the subpoenas.
10         The Court will, therefore, grant petitioner's motion in part, in that the Court will order
11 the LVMPD to complete its response to petitioner's subpoenas, by producing any further responsive
12 materials and by producing a privilege log, within 20 days of the entry of this order.  In completing
13 its response to petitioner's subpoenas, the LVMPD should pay special attention to the exhibits that
14 petitioner filed with his reply in support of his motion.
15         If, following the LVMPD's completion of its response to petitioner's subpoenas,
16 petitioner remains unsatisfied, petitioner will have until 45 days from the date of entry of this order
17 to file a supplement to his Motion to Compel Compliance by LVMPD, seeking to compel further
18 disclosures by the LVMPD.
19         The Court, however, expects the petitioner and the LVMPD to make a good faith
20 effort to settle their differences regarding this discovery without further litigation.

1     **IT IS THEREFORE ORDERED** that petitioner's Motion to Compel Compliance
2  with Subpoena Duces Tecum Issued to the Clark County District Attorney's Office (docket #78) is
3  **GRANTED IN PART AND DENIED IN PART**.  Petitioner's motion is denied, except as ordered
4  below.
5     **IT IS FURTHER ORDERED** that the CCDA shall, within **20 days** from the date of
6  entry of this order, make the material listed in the CCDA's privilege log available for inspection by
7  petitioner's counsel.  That material shall be provided in complete and unredacted form for that
8  inspection.  Following that inspection, counsel for petitioner and counsel for the CCDA shall confer
9  in good faith, and attempt to reach agreement as to what documents on the privilege log shall be
10 disclosed and what redactions shall be made.  With respect to any documents upon which counsel for
11 petitioner and counsel for respondents cannot reach agreement, petitioner's counsel shall be provided
12 unredacted copies of such documents.  Thereafter, and within **45 days** after entry of this order,
13 petitioner's counsel may file, under seal, a supplement to petitioner's Motion to Compel Compliance
14 by CCDA, seeking disclosure of the disputed documents.  That supplement shall include, as exhibits,
15 copies of the disputed documents, as well as a concise and clear explanation of how each such
16 document relates to one or more of petitioner's claims in this case.  The CCDA may, within **20 days**,
17 respond under seal, setting forth its position with respect to the disclosure of each document
18 submitted under seal by petitioner's counsel.  If the CCDA believes that documents should be
19 redacted before disclosure, the CCDA should file copies of the documents redacted in the manner
20 they suggest, and explain why such redactions are necessary.  Petitioner's counsel may then, within
21 **15 days**, reply under seal.  The Court will then determine which, if any, of the disputed documents
22 on the CCDA's privilege log will be disclosed, what redactions will be made, and what conditions
23 will be placed upon the disclosures.

**IT IS FURTHER ORDERED** that petitioner's counsel shall not disclose to anyone, or file (other than as described above) in this or any other litigation, any document or information acquired at the inspection of the documents on the CCDA's privilege log, unless and until this Court orders otherwise.

**IT IS FURTHER ORDERED** that petitioner's Motion to Compel Compliance with Subpoena Duces Tecum Issued to the Las Vegas Metropolitan Police Department (docket #80) is **GRANTED IN PART AND DENIED IN PART**. Petitioner's motion is denied, except as ordered below.

**IT IS FURTHER ORDERED** that, within **20 days** from the date of entry of this order, the LVMPD shall complete its response to petitioner's subpoenas, by producing any further responsive materials and by producing a privilege log.

**IT IS FURTHER ORDERED** that if, following the LVMPD's completion of its response to petitioner's subpoenas, petitioner remains unsatisfied, petitioner shall have **45 days** from the date of entry of this order to file a supplement to his Motion to Compel Compliance by LVMPD, seeking to compel further disclosures by the LVMPD. The LVMPD shall respond to any such supplement to petitioner's motion within **20 days** after its service; petitioner shall thereafter reply within **15 days**.

Dated this ___6th___ day of November.

_____
UNITED STATES DISTRICT JUDGE