UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN JAMES LISLE, | ) | |
| Petitioner, | ) | 2:03-cv-1005-JCM-LRL |
| vs. | ) | |
| E.K. McDANIEL, *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

Before the court, in this capital habeas corpus action, are an unopposed motion for leave of court to file a second amended petition for writ of habeas corpus (docket #128) and an unopposed motion for stay and abeyance (docket #120). The court will grant both motions, will accept the filing of the second amended petition, and will stay this action pending petitioner's exhaustion of claims in state court.

This action is brought pursuant to 28 U.S.C. § 2254, by Kevin James Lisle, a Nevada prisoner sentenced to death. Petitioner's conviction and death sentence result from a homicide on a Las Vegas freeway in October 1994. The judgment of conviction was entered February 1, 1996. Petitioner appealed to the Nevada Supreme Court, and that court affirmed on April 24, 1997. *Lisle v. State,* 113 Nev. 540, 937 P.2d 473 (1997). Petitioner then petitioned in state court for a writ of habeas corpus, and was ultimately unsuccessful.

1	Petitioner initiated this action, *pro se*, on August 20, 2003. The court appointed
2	counsel for petitioner (docket #6, #12, #13). On July 19, 2004, petitioner filed a motion for leave of
3	court to conduct discovery (docket #21). Respondents did not oppose that motion, and it was
4	granted (docket #47). Extensive litigation ensued regarding the discovery. The discovery was to be
5	completed by January 15, 2008 (docket #118, #119).
6	On April 15, 2008, petitioner filed a first amended petition for writ of habeas corpus
7	(docket #122).
8	On the same date, April 15, 2008, petitioner also filed a motion for stay and abeyance
9	(docket #120). Petitioner states in that motion that a number of the claims that he asserts in this
10	action have not been exhausted in state court. Petitioner requests that this action be stayed, and
11	placed in abeyance, so that he may exhaust all his claims in state court, without a statute of
12	limitations bar preventing the resumption of this action.
13	On June 2, 2008, petitioner filed a motion for leave of court to file a second amended
14	petition for writ of habeas corpus (docket #128). Attached to that motion is a copy of the second
15	amended petition that petitioner wishes to file, along with exhibits in support of the second amended
16	petition.
17	On June 16, 2008, respondents filed a response to the motion for leave to file a
18	second amended petition (docket #129). Respondents state in that response that they do not oppose
19	the filing of the second amended petition.
20	Rule 15 of the Federal Rules of Civil Procedure applies in federal habeas corpus
21	actions to the extent that it is not inconsistent with the habeas statutes or the Rules Governing
22	Section 2254 Cases in the United States District Courts (Habeas Corpus Rules). *See* 28 U.S.C.
23	§ 2242; Habeas Corpus Rule 11; *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005). Under Rule 15, a
24	party may amend his pleading once, as a matter of right, any time before a responsive pleading has
25	been filed. Fed. R. Civ. P. 15(a). Respondents have not yet filed a responsive pleading. Therefore,
26	petitioner's request to file the second amended petition shall be granted.

1           On June 17, 2008, respondents filed a notice of non-opposition to the motion for stay and abeyance (docket #130), stating: "Based upon the representations presented in Lisle's Motion for Stay and Abeyance, Respondents do not oppose that Motion." Non-Opposition to Motion for Stay and Abeyance (docket #130), p. 2.

           A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the state's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

           Petitioner informs the court that several of his claims for habeas corpus relief have not been exhausted in state court. Respondents do not challenge petitioner's representation in that regard. Petitioner wishes to return to state court to exhaust his unexhausted claims. A stay is necessary if he is to do so, because of the effect of the statute of limitations. *See* 28 U.S.C. § 2244(d); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not result in statutory tolling of the limitations period).

           In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the district courts to impose stays to facilitate habeas petitioners' return to state court to exhaust claims. In *Rhines,* the Supreme Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

\* \* \*

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

In this case, respondents apparently agree – and the court is satisfied – that petitioner meets the *Rhines* standard for a stay pending exhaustion of claims in state court.

Petitioner's motion focuses primarily on his apparently unexhausted claim that a jury instruction given at his trial regarding premeditation and deliberation, the so-called "*Kazalyn* instruction*,*" erroneously collapsed the elements of premeditation and deliberation into one, unconstitutionally relieving the state of its burden of proving two separate elements of the crime. *See* Motion for Stay and Abeyance, pp. 4-6. Petitioner asserts that his challenge to the *Kazalyn* instruction is based on the Ninth Circuit Court of Appeals' September 11, 2007, decision in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007) (*Kazalyn* instruction unconstitutionally relieved the state of its burden of proving every element of first degree murder). Petitioner's claim regarding the *Kazalyn* insruction is not plainly meritless, and because it is based, partially at least, upon a 2007 court of appeals case, petitioner has shown good cause for not raising it in his previous state court proceedings. There is no indication that petitioner has engaged in intentionally dilatory litigation tactics.

Therefore, the court will grant petitioner's motion, and will stay this action so that petitioner may return to state court to exhaust his unexhausted claims.

The court's intention is that this will be the only time that the court imposes a stay to allow petitioner to return to state court to exhaust claims. Petitioner must exhaust *all* of his unexhausted claims in state court during the stay of the action imposed pursuant to this order.

1      **IT IS THEREFORE ORDERED** that petitioner's motion for leave of court to file a
2  second amended petition for writ of habeas corpus (docket #128) is **GRANTED**.  The clerk of the
3  court shall detach the second amended petition for writ of habeas corpus, and the exhibits in support
4  of the second amended petition, from the motion (docket #128), and shall separately file and docket
5  the second amended petition and exhibits.

6      **IT IS FURTHER ORDERED** that petitioner's motion for stay and abeyance (docket
7  #120) is **GRANTED**.  This action is **STAYED** to allow petitioner to exhaust, in state court, his
8  unexhausted claims for habeas corpus relief.

9      **IT IS  FURTHER ORDERED** that the clerk of the court shall **CLOSE THIS**
10 **ACTION ADMINISTRATIVELY**.

11     **IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of
12 entry of this order to commence an appropriate state court proceeding.  Petitioner's counsel shall
13 seek appointment as counsel for petitioner in the state court proceeding.

14     **IT IS FURTHER ORDERED** that, on or before **December 15, 2008**, petitioner
15 shall file and serve a status report, describing the status of his state-court proceeding.  Thereafter,
16 during the stay of this action, petitioner shall file such a status report every six months (on or before
17 June 15, 2009; December 15, 2009; June 15, 2010, etc.).  Respondents may, if necessary, file and
18 serve a response to any such status report within 15 days after its service.  If necessary, petitioner
19 may reply within 15 days of service of the response.

20     **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state
21 court proceedings, petitioner shall, within **30 days**, make a motion to administratively reopen this
22 case and lift the stay.

23     **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a
24 motion by respondents if petitioner does not comply with the time limits in this order, or if he
25 otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

26

1       **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be
2 the final opportunity that this court provides to petitioner to return to state court to exhaust claims for
3 habeas corpus relief.

4       Dated this 8th day of July, 2008.

                                                                                   /s/ James C. Mahan
                                                                                   UNITED STATES DISTRICT JUDGE