UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN JAMES LISLE,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

2:03-cv-01005-JCM-CWH

**ORDER**

    This capital habeas corpus action was stayed, pending the completion of Lisle's state court litigation, from July 8, 2008 (ECF No. 131) to June 22, 2016 (ECF No. 191). The petitioner, Kevin James Lisle, who is represented by the Federal Public Defender ("FPD"), is to file, by August 21, 2016, a third amended habeas petition, or a notice that he will not file a third amended petition. *See* Order entered June 22, 2016 (ECF No. 191).

    On December 3, 2015, while the action was still stayed, Lisle filed, *pro se*, a "Pro Se Motion to Waive Right to Counsel or Substitution-of-Counsel" (ECF No. 176), in which he requests that the FPD be discharged and he be allowed to represent himself, or be appointed new counsel. Also on December 3, 2015, Lisle filed, *pro se*, a "Pro Se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" (ECF No. 177), as well as exhibits in support of that petition (ECF No. 178).

On December 17, 2015, respondents filed a motion to lift the stay for the limited purpose of addressing Lisle's *pro se* filings (ECF No. 180).  And, that day, respondents also filed a response to Lisle's motion to discharge his counsel (ECF No. 182), and a motion to strike Lisle's *pro se* petition (ECF No. 181).

On January 4, 2016, Lisle, through his counsel, filed an opposition to the respondents' motion to temporarily lift the stay (ECF No. 183).

On January 5, 2016, Lisle, acting *pro se*, filed an opposition to respondents' motion to strike his *pro se* petition (ECF No. 184) and a reply in support of his motion to discharge his counsel (ECF No. 186).  Lisle also filed, with those two documents, a motion seeking leave of court to file them late (ECF No. 185).

On March 15, 2016, Lisle filed, *pro se*, a motion entitled "Motion for Extraordinary Relief and/or Injunction" (ECF No. 187).

Beginning with the last of Lisle's filings, the court cannot ascertain what relief Lisle seeks by means of his Motion for Extraordinary Relief and/or Injunction.  Moreover, Lisle is represented by counsel, and, therefore, generally cannot appear for himself or act in the case.  *See* LR IA 11-6.  The court will deny Lisle's March 15, 2016, motion.

The court will grant petitioner's January 5, 2016, motion to file two documents beyond the due dates for those documents (ECF No. 185).  The court will treat as timely filed Lisle's opposition to respondents' motion to strike his *pro se* petition (ECF No. 184) and his reply in support of his motion to discharge his counsel (ECF No. 186).  The court takes into consideration the arguments made in those two filings.

The court will grant respondents' motion to strike Lisle's *pro se* petition (ECF No. 181).  Again, Lisle is represented by counsel, and, under the court's local rules, Lisle is not to act in the case *pro se*, without leave of court.  *See* LR IA 11-6.

Respondents' motion to temporarily lift the stay to address Lisle's *pro se* filings (ECF No. 180) is now moot, because the stay of this action has been lifted.  *See* Order entered June 22, 2016

(ECF No. 191)).  Accordingly, respondents' motion to temporarily lift the stay will be denied as moot.

Finally, the court will deny Lisle's pro se motion to waive right to counsel or substitution-of-counsel (ECF No. 176).  Lisle does not have a right to self-representation in this federal habeas corpus action.  *See Martinez v. Court of Appeals of California*, 528 U.S. 152 (2000) (holding that the right to represent oneself at trial pursuant to *Faretta v. California*, 422 U.S. 806 (1975), does not extend to appellate proceedings); *Tamalini v. Stewart*, 249 F.3d 895, 901– 02 (9th Cir. 2001).  Lisle has articulated no reason why he would be better served representing himself in this complex capital habeas corpus action; the court finds that Lisle would likely be prejudiced if his counsel were discharged and he were to represent himself.  Likewise, with respect to his alternative request, to be appointed counsel other than the FPD, Lisle has not articulated any reason why such action is necessary.  Much of what Lisle relates in his motion involves events that allegedly occurred many years ago and that are, at most, only indirectly related to his representation by the FPD in this action.  By statute, an indigent habeas petitioner asking the federal court to vacate or set aside a death sentence is afforded a mandatory right to legal counsel and related services.  18 U.S.C. § 3599(a)(2).  However, the petitioner is not entitled to the appointed counsel of his own choosing.  For a petitioner in a capital habeas case to obtain a substitution of counsel, he must show good cause, such as an irreconcilable conflict of interest or a complete breakdown of communication.  *See Johnson v. Gibson*, 169 F.3d 1239, 1254 (10th Cir. 1999).  Lisle does not describe any conflict between himself and his counsel approaching that level.

**IT IS THEREFORE ORDERED** that petitioner's motion for extraordinary relief and/or injunction (ECF No. 187) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's pro se motion showing good cause for delayed reply to respondents' motion to strike and response to proper person motion to waive right to counsel or substitution of counsel (ECF No. 185) is **GRANTED**.  Petitioner's opposition

to respondents' motion to strike his *pro se* petition (ECF No. 184) and his reply in support of his motion to discharge his counsel (ECF No. 186) shall be considered timely filed.

**IT IS FURTHER ORDERED** that respondents' motion to strike proper person petition for writ of habeas corpus (ECF No. 181) is **GRANTED**.  The clerk of the court shall strike from the record petitioner's "Pro Se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" (ECF No. 177), as well as the exhibits filed in support of that petition (ECF No. 178).

**IT IS FURTHER ORDERED** that respondents' motion to lift stay for limited purpose of addressing petitioner's proper person documents Filed December 3, 2015 (ECF No. 180) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's pro se motion to waive right to counsel or substitution-of-counsel (ECF No. 176) is **DENIED**.

Dated August 16, 2016.

_____
UNITED STATES DISTRICT JUDGE